UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16CR17 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| STEPHONE D. TILLMAN, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Stephone D. Tillman ("Tillman") to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (Doc. No. 101 ["Mot."]). Plaintiff United States of America (the "government") opposes the motion (Doc. No. 106 ["Opp'n"]). In support of his motion, Tillman has filed an affidavit (Doc. No. 105 ["Aff."]) and a supplement (Doc. No. 111 ["Suppl."]). Tillman has also requested the appointment of counsel in connection with his § 2255 motion (Doc. No. 108 ["Mot. Counsel"]). For the reasons that follow, Tillman's motions are DENIED.

I. **BACKGROUND**

On November 8, 2016, pursuant to a Rule 11(c)(1)(C) written plea agreement, Tillman pled guilty to one count of conspiracy to interfere with commerce by robbery (conspiracy to commit Hobbs Act robbery), three counts of Hobbs Act robbery, and one count each of being a felon in possession of a firearm, and brandishing a firearm in the course of committing Hobbs

Act robbery.[1] (Minutes, 11/8/2016; Doc. No. 56 (Plea Agreement); Doc. No. 12 (Indictment).[2]) The plea agreement contained a broad waiver provision restricting Tillman's appellate rights including his right to take a direct appeal and a collateral attack of his sentence. With respect to the latter, the waiver provision generally precluded the filing of a "proceeding under 28 U.S.C. § 2255." (Plea Agreement at 357.) Carved out of the waiver was the right to appeal any punishment "in excess of the agreed upon sentence of 240 months." *Id*. The waiver further preserved Tillman's right to raise on appeal claims of ineffective assistance of counsel and prosecutorial misconduct. *Id*.

On January 31, 2017, in accordance with the plea agreement, the Court sentenced Tillman to 144 months for the brandishing charge to be served consecutively to 96 months on the remaining charges, for an aggregate term of imprisonment of 240 months. In consideration for

---

[1] The brandishing charge (Count 7) specifically referenced and relied upon one of the Hobbs Act robbery charges (Count 6) as the predicate offense. (*See* Indictment at 96 (all page numbers refer to the page identification number generated by the Court's electronic docketing system).)

[2] Tillman was one of three individuals charged in the indictment. Defendant Christopher Jones, one of Tillman's co-defendants, has also sought to vacate his sentence on similar grounds. (*See* Doc. No. 107.)

his plea, the government agreed to dismiss two more brandishing charges (Counts 3 and 9) that each carried a mandatory minimum sentence of seven years. (Doc. No. 72 (Judgment); *see* Plea Agreement at 354–55; Indictment.)

Tillman took a direct appeal from the Court's judgment, challenging his brandishing conviction under 18 U.S.C. § 924(c), arguing that the predicate offense of Hobbs Act robbery does not amount to a "crime of violence." On October 20, 2017, the Sixth Circuit dismissed the appeal as barred by the waiver provision in Tillman's plea agreement. (Doc. No. 100 (Order).) In so ruling, the Sixth Circuit examined the plea colloquy and determined that the Court complied with the requirements of Fed. R. Crim. P. 11, ensuring that Tillman's plea and waiver was voluntary and knowing. (*Id.* at 827–28.) The Sixth Circuit also rejected the argument that enforcement of the plea waiver would result in a miscarriage of justice, noting that it had previously held that Hobbs Act robbery qualifies as a crime of violence under § 924(c). (*Id.* at 828 (citing *United States v. Gooch*, 850 F.3d 285, 290–92 (6th Cir. 2017)).

In his § 2255 motion, Tillman presents three grounds for relief, including ineffective assistance of counsel and a revival of his claim on direct appeal that the predicate offense for his conviction under 18 U.S.C. § 924(c) does not constitute a "crime of violence." Related to the latter, he also maintains that the Supreme Court's recent decision in *Sessions v. Dimaya*, -- U.S. --, 138 S. Ct. 1204, 200 L. Ed. 2d 549 (2018), removes any doubt that his Hobbs Act robbery conviction does not constitute a "crime of violence" for purposes of § 924(c). He requests that the Court "grant [his] motion, vacate his § 924(c) conviction and sentence, and re-sentence him without a § 924(c) mandatory minimum and any related sentencing enhancements." (Mot. at 834.)

The government argues that the Tillman has failed to allege sufficient facts that would establish his entitlement to relief or a hearing on his ineffective assistance of counsel claims. As for the two grounds challenging his § 924(c) conviction, the government reiterates that these claims should also be dismissed without a hearing because Tillman knowingly and voluntarily waived his appellate rights. (Opp'n at 873, 880.)

## II. STANDARD OF REVIEW

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (2003)). A court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague and conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to

warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

When a defendant challenges the validity of a plea, the representations of the defendant, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id*. Subsequently-presented conclusory allegations that fly in the face of the record are subject to summary dismissal. *Id*.

A court should hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently

incredible'"). Where (as here) the judge considering the § 2255 motion also presided over the sentencing hearing, the judge may rely on his or her recollections of those proceedings. *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The Court finds that an evidentiary hearing is not warranted in the present case. The allegations offered in support of the present motion are either contradicted by the record, or amount to vague conclusions that fail to demonstrate that Tillman is entitled to relief from his sentence.

### III. DISCUSSION

#### A. 18 U.S.C. § 924(c)

Through his motion and supplement, Tillman challenges his § 924(c) conviction in light of *Dimaya*, which held unconstitutional the so-called residual clause of 18 U.S.C. § 16(b), and *United States v. Davis*, -- U.S. --, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019), which held unconstitutional 18 U.S.C. § 924(c)(3)(B).[3] Both cases address statutes defining the phrase "crime of violence," and are part of the progeny of cases beginning with *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). Prior to *Johnson*, for some offenses, the residual clause of the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), acted to adjust a defendant's sentence from a 10-year to a 15-year minimum with a maximum of life imprisonment. *Johnson* invalidated the residual clause of ACCA,

---

[3] There is some question as to whether these first two grounds are foreclosed by either the plea agreement or the principle that "a § 2255 petition may not be employed to relitigate an issue that was raised on direct appeal absent highly exceptional circumstances[.]" *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). In *Slusser v. United States*, 894 F.3d 437 (6th Cir. 2018), the Sixth Circuit affirmed the dismissal of a *Johnson*-based § 2255 motion based on a knowing and voluntary waiver in the plea agreement. But in *Vowell v. United States*, 938 F.3d 260, 268 (6th Cir. 2019), another Sixth Circuit panel permitted a similar challenge, finding that "a defendant or petitioner may challenge his sentence as being statutorily excessive based on a subsequent change in the law, even if the waiver was otherwise knowing and voluntary. Because the Court rejects Tillman's first two grounds on the merits, it need not reach the issue of waiver.

ultimately holding that the provision was unconstitutionally vague under the void-for-vagueness doctrine. *Id*. at 2561-63.

In *Dimaya*, the Supreme Court revisited *Johnson* in the immigration context, evaluating the catch-all clause in the definition of "crime of violence" under 18 U.S.C. § 16(b). Citing the same vagueness concerns employed to invalidate ACCA's residual clause, the Supreme Court rejected § 16(b), a provision using the same language and establishing a defendant's eligibility for deportation. 138 S. Ct. at 1223 (citing *Johnson*, 135 S. Ct. at 2558). In invalidating § 16(b), the Supreme Court explained that the provision "produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id*. (quoting *Johnson*, 135 S. Ct. at 2558).

Most recently, in *Davis*, the Supreme Court returned to its ruling in *Johnson* to consider the constitutionality of § 924(c), which "threaten[ed] long prison sentences for anyone who uses a firearm in connection with certain other federal crimes." 139 S. Ct. at 2323. Specifically, the statute provides, in relevant part:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any *crime of violence* . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . (i) be sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm was brandished, be sentenced to a term of imprisonment of not less than 7 years; and (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A) (emphasis added). The statute defines "crimes of violence" as an offense that is a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the

7

> person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause, § 924(c)(3)(A), is referred to as the "elements" or "use-of-force clause, while the second clause, § 924(c)(3)(B), is referred to as the "risk" or "residual" clause. In *Davis*, the Supreme Court ultimately concluded that the residual clause was unconstitutionally vague in violation of due process and separation of powers principles. *Davis*, 139 S. Ct. at 2325.

Tillman's conviction under § 924(c) remains undisturbed by *Dimaya* and *Davis* because the predicate offense for his conviction—Hobbs Act robbery—falls under the "elements" clause. As the Sixth Circuit has observed, the Hobbs Act is a divisible statute: it is violated when a defendant interferes with interstate commence by robbery or, in the alternative, by extortion. *See Gooch*, 850 F.3d at 291. Here, the indictment and the plea agreement make clear that the predicate offense for Tillman's § 924(c) conviction (Count 7) was Hobbs Act *robbery* (Count 6). (Indictment at 96; Plea Agreement at 353.)

Hobbs Act robbery is a "crime of violence" because the definition of robbery "clearly 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another' as necessary to constitute a crime of violence under [the elements clause of] § 924(c)(3)(A)." *Gooch*, 850 F.3d at 291-92; *see also United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018) (confirming that Hobbs Act robbery is a "crime of violence" under the elements clause). For this reason, even in the wake of *Davis*, courts within the Sixth Circuit consistently find that § 924(c) convictions premised on Hobbs Act robbery convictions

withstanding constitutional scrutiny.⁴ *See, e.g., United States v. Harris*, No. 15-cr-20089, 2019 WL 4746746, at *3 (E.D. Mich. Sept. 30, 2019) (denying § 2255 motion to vacate § 924(c) conviction premised on Hobbs Act robbery); *Daniels v. United States*, No. 3:16-cv-1551, 2019 WL 4167325, at *4 (M.D. Tenn. Sept. 3, 2019) (same); *United States v. Brooks*, No. 5:16-cr-7-JMH-EBA-2, 2019 WL 4231236 (E.D. Ky. Aug. 19, 2019) (report and recommendation recommending to deny § 2255 motion challenging § 924(c) conviction predicated on Hobbs Act robbery conviction), *adopted*, 2019 WL 4228364 (E.D. Ky. Sept. 5, 2019); *see also United States v. Littles*, No. 14-20484, 2019 WL 4511683, at *1 (E.D. Mich. Sept. 19, 2019) (upholding § 924(c) conviction premised on carjacking, after *Davis*, noting that "the Sixth Circuit has held that Hobbs Act robbery, which, similar to carjacking, requires proof that the defendant used 'actual or threatened force, or violence, or fear of injury, immediate or future', falls within § 924(c)'s force clause") (quoting *Camp*, 903 F.3d at 597); *United States v. Walker*, No. 19-10239, 2019 WL 4126557 (E.D. Mich. Aug. 30, 2019) (holding § 924(c) constitutional where underlying crime of violence was bank robbery, which has as a necessary element the use of force and violence or intimidation).

Because the Hobbs Act robbery that Tillman committed is a "crime of violence," Tillman was properly convicted of using a firearm during and in connection with a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). Therefore, his first two grounds for relief are DENIED.

---

⁴ The Court might have reached a different result if Tillman's § 924(c) conviction had been predicated on his conviction for *conspiracy* to commit Hobbs Act robbery in Count 1. *See, e.g., McQuiddy v. United States*, No. 3:16-cv-02820, 2019 WL 4917073 (M.D. Tenn. Oct. 3, 2019) (granting § 2255 motion and vacating § 924(c) conviction, finding that Hobbs Act *conspiracy* convictions only qualify as crimes of violence under the "residual clause" of § 924(c)(3)(B)).

### B. Ineffective Assistance of Counsel

Tillman grounds his final claim in the Sixth Amendment right to effective assistance of counsel. To make out a claim of ineffective assistance, a prisoner must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment, and that counsel's errors were so serious as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *United States v. Hanley*, 906 F.2d 1116, 1120–21 (6th Cir. 1990); *Flippins v. United States*, 808 F.2d 16, 18 (6th Cir. 1987). To prevail on a claim of ineffectiveness, a prisoner must prove: (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland*, 466 U.S. at 687-88; *see also Williams v. Taylor*, 529 U.S. 362, 390–91, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

A criminal defendant is entitled to effective assistance of counsel during the plea and sentencing process. *See Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). In the context of a guilty plea, an attorney provides ineffective assistance by performing outside "the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970). While Tillman does not have to demonstrate that he would have prevailed at trial, a defendant alleging ineffective assistance of counsel in connection with his guilty plea must establish both deficient performance and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (quotation marks and citations omitted); *see Griffin v. United States*, 330 F.3d 733, 737 n.1 (6th

Cir. 2003).

"Judicial scrutiny of counsel's performance must be highly deferential[.]" *Strickland*, 466 U.S. at 689. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id*. Counsel's performance must be evaluated from the perspective existing at the time of the representation, not from the perspective of hindsight. *Id*.

Tillman claims that his trial counsel provided ineffective assistance when he failed to: (1) move to dismiss the Hobbs Act robbery in Count 8 because, as he claims, the victim did not actually fear for her life; (2) challenge a five level enhancement for possessing a firearm under U.S.S.G. § 2B3.1(b)(2)(C); (3) inform Tillman that "he was being charged with a leadership role;" and (4) investigate Tillman's competency. As an initial matter, the Court agrees with the government that Tillman's supporting affidavit—that does little more than restate these grounds—does not comply with the minimum requirements for an affidavit or declaration under 28 U.S.C. § 1746 and, therefore, provides no basis for relief. However, even if the Court looks past the lack of supporting factual allegations, Tillman's claim for ineffective assistance of counsel must fail.

During the plea colloquy, and before accepting the guilty plea, the Court reviewed with Tillman the elements of each offense, including Hobbs Act robbery, and the factual predicate underlying each count. (*See* Plea Agreement ¶ 22(e) (setting forth the factual predicate for Count 8).) After acknowledging that he understood the elements of each offense, the Court asked Tillman if he agreed with the conduct that was described in the plea agreement and whether he engaged in that conduct. He responded to both inquiries affirmatively. (Doc. No. 94 (Guilty Plea

Transcript ["GP TR"]) at 718–24.) Notwithstanding his new view of the evidence as to Count 8, Tillman's own statements prove that a motion to dismiss that count would have lacked merit. Because counsel cannot be considered ineffective for failing to raise baseless arguments, *see Hoffner v Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010), his first point of contention cannot support a finding of ineffectiveness.

Tillman also complains that his counsel failed to challenge a five-level enhancement under U.S.S.G. § 2B3.1(b)(2)(C). This constituted ineffective assistance because, according to Tillman, the enhancement may only be applied when the weapon is discharged. Tillman is mistaken. Instead, § 2B3.1(b)(2)(C) applies if, as was the case here, "a firearm was brandished or possessed[.]" Moreover, the Court reviewed this enhancement with Tillman at length at the plea hearing, and Tillman stipulated to it in his plea agreement (GP TR at 700; Plea Agreement at 359.) Again, counsel cannot be considered ineffective for raising a baseless argument.

Next, Tillman alleges that his counsel should have disclosed that he (Tillman) had received a two-level enhancement for an aggravating role, pursuant to U.S.S.G. § 3B3.1. As was the case with the § 2B3.1(b)(2)(C) enhancement, the Court explained this enhancement at length with Tillman at the plea hearing. The Court also inquired as to whether Tillman wished to consult further with counsel before changing his plea to guilty. Tillman indicated that he did not need further time before entering his plea. Even if counsel failed to discuss this enhancement with his client (a fact not borne out by the record), Tillman suffered no prejudice and cannot, therefore, demonstrate ineffectiveness under the *Strickland* standard.

Finally, Tillman maintains that his counsel should have investigated his competency to enter a plea. Tillman appends to his motion medical records from prison indicating that he

suffered from drug abuse and certain depressive disorders. (Doc. No. 101-1 (medical records).) There is no indication that his medical conditions rendered him legally incompetent to enter a plea. Further, Tillman does not allege that he shared these medical documents with counsel, or that he advised counsel of any facts that would have led counsel to believe that his client was suffering from mental health deficiencies that might impact his competency.

Additionally, at the change of plea hearing, the Court conducted a thorough colloquy with Tillman to ensure that he understood the nature of his rights he was giving up by entering a guilty plea, and that it was his intention to plead guilty. Tillman indicated that he wished to plead guilty, he understood the consequences of such a plea, he had not been coerced into pleading or promised anything to enter such a plea, and that he had been afforded a sufficient amount of time to consult with counsel prior to the hearing. Moreover, when Tillman was asked if he had any mental conditions that would in any way interfere with his ability to understand what was being discussed, he responded "No ma'am." Defense counsel also advised the Court that his client understood his decision to plead guilty and was doing so voluntarily. It was the Court's impression that Tillman understood the nature of his plea, and that he was entering it knowingly and voluntarily. From the record before the Court, there was nothing that would have suggested to the undersigned that Tillman was mentally incompetent or lacked the capacity to enter a guilty plea. Under all of these circumstances, Tillman's counsel cannot have been ineffective for failing to raise his client's competency.

Tillman is unable to demonstrate that his attorney was not performing as the counsel guaranteed by the Sixth Amendment, and, therefore, his ineffective assistance of counsel ground does not entitle him to relief from his sentence.

## IV. CONCLUSION

For the foregoing reasons, Tillman's motion to vacate, set aside, or correct his sentence (Doc. No. 101) and his motion for the appointment of counsel (Doc. No. 108) are denied and this case is dismissed. Further, the Court certifies, pursuant to 28 U.S.C. § 2255(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: November 26, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**